Case 05-35587 Filed 03/17/06 Doc 22



FILED
MAR 17 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re ) Case No. 05-35587-C-7
)
LISA TRACY WALES and ) MC No. JMP-1
DALE CHARLES WALES, )
)
      Debtors. )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

    These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

<u>Jurisdiction</u>

    Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

## Findings of Fact

Debtors filed their voluntary chapter 7 petition on October 12, 2005. They scheduled real property commonly known as 318 Empire Court, Grass Valley, California ("property") as property of the estate. The first meeting of creditors was held on November 22, 2005. The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtors. The court observes that debtors were discharged from all dischargeable debts on January 31, 2006.

On February 22, 2006, HomEq Servicing Corporation ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to foreclose upon the property. The fair market value of the property is approximately $400,000. Movant has a lien on the property in the approximate amount of $405,455.63. The court is not aware of any other liens against the property. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtors _in personam_ and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtors fail to protect the secured party's interest adequately, § 362(d)(1), and, with

1 | respect to a stay of an act against property, debtors do not
2 | have equity in the property, § 362(d)(2)(A), and the property
3 | is not necessary to an effective reorganization.  11 U.S.C. §
4 | 362(d)(2)(B).  The issue of whether the property is necessary
5 | to an effective reorganization is not considered in a chapter 7
6 | case because no reorganization is contemplated in a chapter 7
7 | case.

Although the debtors do not appear to have any equity in the property, since the debtors were granted a discharge, the motion for relief from the automatic stay is moot as to the debtors.  Thus, the motion will be denied.

However, because the chapter 7 trustee filed a no asset report, and filed no opposition to the motion, the motion will be granted as to the trustee.

An appropriate order will issue.

Dated: March 17, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Lisa and Dale Wales
318 Empire Court
Grass Valley, CA 95945

George Roberts
301 Broad St. 2nd Floor
Nevada City, CA 95959

Thomas Aceituno
P.O. Box 189
Folsom, CA 95763

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

JaVonne M. Phillips
McCarthy & Holthus, LLP
1770 Fourth Ave.
San Diego, CA 92101

Dated: 3·20·06

_____
Deputy Clerk